J-S64009-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| IN THE INTEREST OF: A.M.B. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.M.B. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 121 WDA 2019 |

Appeal from the Order Dated January 4, 2019
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-JV-0000032-2011

BEFORE: BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.: FILED JULY 13, 2020

A.M.B. appeals from the order that denied his motion to vacate his

involuntary commitment under the Court-Ordered Involuntary Treatment of

_____

[*] Retired Senior Judge assigned to the Superior Court.

Certain Sexually Violent Persons statute ("Act 21")[1] based on In re J.C., 2018 PA Super 335, (Pa. Super. 2018) ("J.C. I")[2]. We affirm.

On September 2, 2011, following an agreement by the parties, the juvenile court found Appellant delinquent of committing acts that would constitute indecent assault if committed by an adult. The adjudication stemmed from Appellant's sexual assault of an intellectually disabled twenty-six year old female. Appellant was committed to supervision.

On February 20, 2014, the juvenile court held a preliminary Act 21 hearing because Appellant was approaching the age of twenty and was expected to remain in placement at the time of his twentieth birthday. Following the hearing, the juvenile court found that the Commonwealth presented prima facie evidence that Appellant was in need of involuntary

---

[1] Act 21 directs a juvenile court to order involuntary inpatient treatment for a sexually violent delinquent child ("SVDC") if it finds, "by clear and convincing evidence[,] that the person has a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes the person likely to engage in an act of sexual violence." 42 Pa.C.S. § 6403(d). Once entered, the order is reviewed annually and may extend indefinitely, as long as the person continues to meet the criteria for involuntary inpatient treatment. See 42 Pa.C.S. § 6404. Upon release from involuntary inpatient treatment, the individual must successfully complete one year of involuntary outpatient treatment in order to comply with Act 21's treatment requirements. See 42 Pa.C.S. §§ 6404.1, 6404.2.

[2] Approximately one month after the trial court denied Appellant's motion, this Court granted reargument en banc in this case and withdrew the J.C. I opinion. Oral argument was held and, on May 13, 2020, the en banc court issued its opinion reversing the decision of J.C. I. See In re J.C. ____ A.3d ____, 1391 WDA 2017, 2020 WL 2463048 (Pa.Super. May 13, 2020) (en banc) ("J.C. II").

treatment under Act 21, and directed the Commonwealth to file a petition to initiate Act 21 proceedings.

On July 18, 2014, the trial court held an Act 21 hearing. Robert Stein, Ph.D. testified for the Commonwealth. He opined that Appellant had a diagnosis of conduct disorder and should be involuntarily committed because Appellant had a lengthy sex offending history with multiple victims, had failed to achieve the basic prerequisites of treatment, and still struggled with coping skills. N.T. Hearing, 7/13/14, at 10-11. Accordingly, Dr. Stein advised that Appellant would have serious difficulty controlling his sexually dangerous behavior if released and should remain involuntarily committed. Id. at 12. The clinical services manager at Appellant's secure placement facility also testified for the Commonwealth, agreeing with Dr. Stein's assessment that Appellant's treatment progress had been "very slow." Id. at 30.

Robert Wettstein, M.D. testified for Appellant. He concluded that Appellant did not have a mental abnormality requiring involuntary commitment, but agreed that Appellant "certainly need[ed] to continue with his treatment." Id. at 49-51. Following the hearing, the trial court found by clear and convincing evidence that Appellant had a mental abnormality or permanent disorder which made him likely to engage in an act of sexual violence. As a result, the court committed Appellant to one year of involuntary sexual offender treatment pursuant to Act 21.

Appellant filed a timely appeal challenging the sufficiency of the evidence to support his classification as a SVDC. On August 25, 2015, this

Court found that the record supported the trial court's conclusions and affirmed its order committing Appellant to involuntary treatment. In the interest of A.M.B., 131 A.3d 103 (Pa.Super. 2015) (unpublished memorandum).

Thereafter, the trial court conducted annual Act 21 review hearings, entering orders on July 1, 2015, May 26, 2016, May 22, 2017, and June 21, 2018 re-committing Appellant for an additional year of involuntary commitment pursuant to Act 21. Appellant did not appeal any of these orders.

On December 10, 2018, a panel of our Court published J.C. I, wherein we found that Act 21 was unconstitutional. In response, Appellant filed a motion to vacate his SVDC designation and commitment. On January 4, 2019, the trial court held a hearing on Appellant's motion. At the hearing, the Commonwealth argued that the trial court should follow In re H.R., 196 A.3d 1059 (Pa.Super. 2018) ("H.R. I"), a Superior Court opinion finding Act 21 constitutional. N.T. Motions Hearing, 1/4/19, at 4-5. The trial court agreed that H.R. I controlled unless and until the Superior Court en banc or the Pennsylvania Supreme Court reversed it. Id. at 6. Therefore, the trial court denied Appellant's motion requesting a release from commitment. Id. at 6. This appeal followed.

Following a remand, both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925. Appellant raises the following issues for our review:

1.  Whether the trial court erred when it denied Appellant's motion to vacate order imposing [SVDC] designation and commitment pursuant to Act 21 by failing to apply the published opinion rendered by the Pennsylvania Superior Court in [J.C. I,] which found Act 21 to be unconstitutional as a whole?

2.  Whether the trial court erred when it denied Appellant's motion to vacate order imposing [SVDC] designation and commitment pursuant to Act 21 by failing to vacate its prior finding based upon clear and convincing evidence rather than proof beyond a reasonable doubt that Appellant met the criterial of a [SVDC]?

3.  Whether the trial court erred when it failed to determine that 42 Pa.C.S. § 6403(d) is unconstitutional on its face and violates the holdings and analysis in the line of cases; Alleyne v. United States, 570 U.S. 99 (2013), Apprendi v. New Jersey, 530 U.S. 466 (2000), Commonwealth v. Butler, 173 A.3d 1212 (Pa.Super. 2017) and Commonwealth v. Muniz, 162 A.3d 1198 (Pa. 2017)?[3]

See Appellant's brief at 7-8.[4]

_____

[3] Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) (holding that the registration requirements of Pennsylvania's Sex Offender Registration and Notification Act ("SORNA") constitute criminal punishment, such that their retroactive application violates the ex post facto clauses of the United States and Pennsylvania constitutions); Commonwealth v. Butler, 173 A.3d 1212, 1217-18 (Pa.Super. 2017) ("Butler I") (citing Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. U.S., 570 U.S. 99 (2013) and applying Muniz to the Sexually Violent Predator ("SVP") assessments and finding that because the SORNA registration requirements are punitive, a factual finding, such as whether a defendant has a mental abnormality that makes him likely to engage in predatory sexually violent offenses, must be made by the fact-finder beyond a reasonable doubt).

[4] While worded as individual issues, the argument section only contains one argument, which Appellant then repeated in almost identical fashion two times. See Appellant's brief at 13-29. Accordingly, we have consolidated Appellant's issues into one claim attacking the constitutionality of Act 21 as punitive.

Appellant alleges that Act 21 is punitive. Id. at 17, 22, 29. Therefore, he maintains, the determination whether someone should be involuntarily committed to inpatient treatment upon a clear and convincing evidentiary standard is unconstitutional. Id. at 18, 23-24, 29. "[W]e recognize there is a general presumption that all lawfully enacted statutes are constitutional. In addition, as this case presents a question of law, our scope of review is plenary and we review the lower courts' legal determinations de novo." Commonwealth v. Muniz, 164 A.3d 1189, 1195 (Pa. 2017).

After Appellant filed his appellate brief, our Supreme Court and an en banc panel of this Court issued three decisions that are directly on point and conflict with Appellant's position. First, in Commonwealth v. Butler, 226 A.3d 972 (Pa. 2020) ("Butler II"), our Supreme Court reversed Butler I, a case upon which Appellant relies to support his position.[5] See Appellant's brief at 8, 17, 23, 24, 28. In overruling Butler I, our Supreme Court engaged

---

[5] As explained previously, in Butler I we held that the registration, notification, and counseling requirements imposed upon SVPs under SORNA amounted to punishment, such that SVP determinations must be found beyond a reasonable doubt. Butler I, supra at 1216-17.

- 6 -

in a detailed balancing of the Mendoza-Martinez[6] factors. Butler II, supra at 988-93. This analysis led it to conclude that the registration, notification, and counseling requirements imposed upon SVPs were not punitive under SORNA. Id. at 992-93. Since these additional requirements placed on SVPs were not punitive, SORNA's requirement that the trial court determine whether an offender is an SVP by a preponderance of the evidence remained constitutionally sound.[7] Id. at 993.

Next, our Supreme Court issued In re H.R., 227 A.3d 316, 318 (Pa. 2020) ("H.R. II"), which affirmed our decision in H.R. I that the Act 21 mechanism for determining whether an individual is a SVDC did not constitute criminal punishment. See H.R. I, supra at 1065. After acknowledging the

_____

[6] The Mendoza-Martinez factors are as follows: whether the statute involves an affirmative disability or restraint; (2) whether the sanction has been historically regarded as punishment; (3) whether the statute comes into play only on a finding of scienter; (4) whether the operation of the statute promotes the traditional aims of punishment; (5) whether the behavior to which the statute applies is already a crime; (6) whether there is an alternative purpose to which the statute may be rationally connected; and (7) whether the statute is excessive in relation to the alternative purpose assigned. See Muniz, supra at 1210-17 (discussing Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963)).

[7] On February 21, 2018, following Muniz and Butler I, the Pennsylvania General Assembly amended SORNA. See Act of Feb. 21, 2018, P.L. 27, No. 10 (HB 631 of 2017; "Act 10"). Thereafter, our Governor signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions. See Act of June 12, 2018, P.L. 140, No. 29 (HB 1952 of 2018; "Act 29"); see also 42 Pa.C.S. § 9799.51(b)(4) (explaining that the legislature amended SORNA in order to comply with Muniz and Butler I). Therefore, the Butler II Court reviewed the amended version of SORNA. See Butler II, supra at 981 n.11.

limited precedential value of Muniz, due to the heightened safety concerns and the irrelevance of the SORNA Subchapter H requirements in the SVDC context, the H.R. II Court nonetheless applied the analytic structure of the Butler II Court. H.R. II, supra at 330-31. Accordingly, the Court applied the Mendoza-Martinez factors to Act 21 in order to determine if it was punitive in intent or effect. Id. at 331-35. Ultimately, the Court found that only the first factor weighed in favor of deeming Act 21 punitive, and all other factors balanced in favor of finding the statute non-punitive. Id. Our High Court explained the reasoning behind its decision as follows:

> Despite the fact that Act 21 imposes obvious affirmative disabilities or restraints upon SVDCs, our review of the remaining Mendoza-Martinez factors leads to the conclusion [that] the statutory scheme is not punitive in intent or effect. Act 21 provides treatment to SVDCs rather than imposing restrictions that were historically considered punishment, and does not promote the typically punitive goals of deterrence and retribution. Furthermore, Act 21 protects the public from SVDCs, who have never been convicted of a crime, but are subject to the statutory restrictions because they are dangerously mentally ill. Lastly, Act 21, including the 2011 amendments, cannot be said to be excessive in light of the danger posed to the public by SVDCs. Based on all of the above, we conclude that Act 21 does not constitute criminal punishment.

Id. at 335. Next, the Court reasoned that because the challenged provisions of Act 21 do not constitute criminal punishment, the appellant's due process claim surrounding the burden of proof employed at SVDC hearings failed. Id. Thus, the statute's application of a clear and convincing evidentiary standard for imposing its requirements passed constitutional muster.

As mentioned previously, this Court withdrew our J.C. I opinion and submitted the case for en banc reargument. Ultimately, the en banc panel applied the holding of H.R. II, reversing the outcome of J.C. I. See In re J.C. ___ A.3d ___, 1391 WDA 2017, 2020 WL 2463048 (Pa.Super. May 13, 2020) (en banc). In doing so, we relied upon the analysis of H.R. II, that the requirements of Act 21 are not punishment, and that the mechanism of adjudicating SVDCs by a clear and convincing evidence standard does not run afoul of the constitution. Id.

Here, as in H.R. II and In re J.C., Appellant challenges the validity of his SVDC status on the constitutional grounds that Act 21's requirements constitute punishment necessitating that all relevant factual findings are made beyond a reasonable doubt. See Appellant's brief at 18, 23-24, 29. In light of the foregoing precedent, we disagree. Our Supreme Court has spoken on this issue and its holding is fatal to Appellant's position. Appellant has not offered any additional analysis to persuade us otherwise. Consequently, Appellant's constitutional challenges to Act 21 are meritless and the trial court did not err by refusing to grant Appellant's motion. As our Supreme Court explained in H.R. II, Act 21 is not punitive. Therefore, application of the statute does not violate Appellant's constitutional protections.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2020